UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PETER MANTHOS                                                    CIVIL ACTION

VERSUS                                                           No. 07-1302

JEFFERSON PARISH LIBRARY DEPT., *et al.*                         SECTION:  I/3


ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of defendant and

crossclaimant, COBRA Professionals, Inc. ("CPI"), to dismiss the crossclaim brought against it

by Jefferson Parish ("Jefferson").[1]  For the following reasons, COBRA's motion is **GRANTED**.


*BACKGROUND*

CPI contracts with employers and healthcare plans to provide administrative services to

the employees and members of the employers and health plan providers.[2]  CPI's services mostly

---

[1] R. Doc. No. 53.

[2] R. Doc. No. 53-6, mot. summ. j., ex. A, Edward McNorton aff. ¶ 3.

consist of providing COBRA[3] notices.[4]  On January 1, 2006, CPI entered into a Client Service

Contract with Coventry Health Care of Louisiana, Inc. ("Coventry"), to provide COBRA

administrative services to it.[5]  Coventry allegedly provides healthcare coverage to Jefferson

employees.[6]  CPI is not a party to a contract with Jefferson.[7]

Plaintiff, Peter Manthos ("Manthos"), was informed of his COBRA benefit continuation

rights upon being terminated as an employee of Jefferson.[8]  Manthos failed to timely submit

payment of one of his premiums (his payment was one day late), allegedly due to a head injury.[9]

Jefferson refused Manthos' request to reinstate his COBRA benefits despite the late payment.[10]

Manthos thereafter filed this lawsuit against Jefferson and CPI, seeking reinstatement of his

COBRA benefits, punitive damages, injunctive relief, costs, and reasonable attorney's fees.[11]

On August 24, 2007, Jefferson filed a crossclaim against CPI, seeking indemnification

from CPI based upon CPI's acts or omissions, negligence, and intentional violation of federal

---

[3] The Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), tit. X, 29 U.S.C. §§ 1161-1168, 42 U.S.C. §§ 300bb-1 to 300bb-8 (2006), amended the Internal Revenue Code, the Employee Retirement Income Security Act of 1974 (ERISA), and the Public Health Service Act to provide continuation of health coverage for certain individuals.

[4] McNorton aff. ¶ 3.

[5] Id. ¶ 4; R. Doc. No. 53-5, McNorton aff., ex. 1, Client Service Contract.

[6] R. Doc. No. 16, Jefferson crossclm. ¶ III.

[7] McNorton aff. ¶ 6.

[8] R. Doc. No. 29, am. compl. ¶ 3.

[9] Id. ¶¶ 3, 31-32.

[10] Id. ¶ 38.

[11] Id. ¶ 4.  Manthos amended his complaint on October 24, 2007, to include a claim against Jefferson for employment discrimination.  Jefferson is not seeking indemnification from CPI for Manthos' employment discrimination claims.

and Louisiana law.[12]  Jefferson further alleges that CPI contracted to indemnify Coventry with

respect to damages arising out of CPI's breach of contract and negligent or intentional acts and

omissions.[13]  On August 28, 2008, Jefferson filed a third-party complaint against Coventry for

contractual indemnification, alleging that Coventry contracted and agreed to protect, defend,

indemnify, save and hold harmless Jefferson from and against any claims and to indemnify

Jefferson for all reasonable expenses including attorney's fees and court costs.[14]

On February 22, 2008, CPI filed a crossclaim against Jefferson, seeking indemnification

for any damages arising from Jefferson's determination not to accept Manthos' late payment for

continuing COBRA coverage.[15]  CPI alleges that only Jefferson can be held liable for this

determination because Jefferson is the only party who has authority to decide whether to accept

Manthos' late payment.[16]

CPI filed this motion for summary judgment seeking to dismiss the crossclaim brought

against it by Jefferson.  CPI argues that there is no privity of contract between it and Jefferson

and no stipulation *pour autrui* and, therefore, there can be no contractual indemnification.[17]

Jefferson contends that its crossclaim is based upon contractual and tort indemnification

and that Rule 13 allows it to bring contingent indemnification claims.[18]  Jefferson also argues that

---

[12] Jefferson crossclm. ¶¶ IX, X.

[13] *Id.* ¶ VII.

[14] R. Doc. No. 17, third-party compl.

[15] R. Doc. No. 52, CPI crossclm. ¶ 13.

[16] *Id.* ¶¶ 13-14.

[17] R. Doc. No. 53-2, mem. supp. at 1.

[18] R. Doc. No. 56, mem. opp'n.

CPI should be estopped from pursuing this motion for summary judgment because its arguments are inconsistent with its own crossclaim.

## *LAW AND ANALYSIS*

### I.      **Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact

exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

## II.   Discussion

### A.   *Rule 13 Crossclaims*

Rule 13(g) states:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim . . . . The crossclaim may include a claim that the coparty *is or may be liable* to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

Fed. R. Civ. P. 13(g) (emphasis added). "[A] cross-claim can be contingent upon the ultimate adjudication of the cross-claimant's liability to plaintiff." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1431, at 240-41 (2d ed. 1990); *see In re Taxable Mun. Bond Sec. Litig*, Civ. A. MDL No. 863, 1993 WL 591418, at *5-6 (E.D. La. Dec. 29, 1993) (Sear, C.J.). However, Rule 13 does not create a cause of action in federal court that could not be asserted in a state court. *Linkenhoger v. Sanders*, 181 F.2d 97, 103 (5th Cir. 1950); *Dennler v. Dodge Transfer Corp.*, 201 F. Supp. 431, 440 (D. Conn. 1962) ("[T]he rule may not be used to enlarge substantive rights and the cross-claimant must have a valid claim

under state law against his co-party.").  Therefore, a contingent cause of action may be brought under Rule 13 as long as a substantive claim exists pursuant to state law.

### B.     Indemnity

 "Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed."  *Naquin v. La. Power & Light Co.*, 951 So. 2d 228, 231 (La. Ct. App. 2006) (*citing Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183, 185 (La. 1999)).  "The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, under a tort or quasi-contract theory, even in the absence of an indemnity agreement."  *Hamway v. Braud*, 838 So. 2d 803, 806 (La. Ct. App. 2002).  An implied contract of indemnity or tort indemnity[19] only arises when the indemnitee's liability is solely vicarious, constructive, or derivative.  *Hesse v. Champ Serv. Line*, 828 So. 2d 687, 690 (La. Ct. App. 2002).[20]

### 1.     Contractual Indemnity

Jefferson is not a party to the Client Services Contract between CPI and Coventry; therefore, Jefferson cannot assert any rights, including indemnification rights, pursuant to that contract unless Jefferson is a third party beneficiary.  *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So.

---

[19]  "[A] party who is actually negligent or actually at fault cannot recover tort indemnity."  *Hamway*, 838 So. 2d at 806; *see Hess*, 828 So. 2d at 690.

[20] For example, pursuant to Louisiana law, an employer is vicariously liable for the acts of its employees. La. Civ. Code Ann. art. 2320 (1997) ("Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."); *see Henly v. Phillips Abita Lumber Co.*, No. 2006 CA 1856, 2007 WL 2850525, at *6-7 (La. Ct. App. Oct. 3, 2007).  Indemnification has also been allowed a contractor from his subcontractor when the contractor was constructively at fault.  *Hesse*, 828 So. 2d at 690.

2d 1206, 1211 (La. 2006); *Braud v. Dixie Mach. Welding & Metal Works, Inc.*, 423 So. 2d 1243, 1246 (La. Ct. App. 1983).  La. Civil Code article 1978, which governs third party beneficiary contracts, provides that "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary."  La. Civ. Code. Ann. art. 1978 (2008).

A contract for the benefit of a third party is commonly referred to in Louisiana as a stipulation *pour autrui*.  *Joseph*, 939 So. 2d at 1212.  There are "three criteria for determining whether contracting parties have provided a benefit for a third party:  1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee."  *Id.*  The burden of proving that a stipulation *pour autrui* exists rests on the party claiming the benefit.  *Id.*  A stipulation *pour autrui* is never presumed.  *Id.*

"The most basic requirement of a stipulation *pour autrui* is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof."  *Id.*  Jefferson points to no manifestation in the contract of a clear intention to benefit it.  In fact, the contract contains a provision denying the intention to benefit a third party.[21]  Because Jefferson is not a party to the contract between Coventry and CPI and because Jefferson has failed to show that the contract contains a clear intention to benefit it, CPI is not contractually liable to indemnify Jefferson.

---

[21] The provision states:

> Nothing express or implied in this Contract is intended to confer, nor shall anything herein confer, upon any person other than [Coventry], CPI and their respective successors or assigns, any rights, remedies or obligations whatsoever.

Client Services Contract § 5.10.

2.    *Tort Indemnity*

Pursuant to Louisiana Civil Code article 2323, defendants against whom negligence and intentional tort claims have been brought are only held liable for their own comparative fault. La. Civ. Code Ann. art. 2323 (1997);[22] *Landry v. Bellanger*, 851 So. 2d 943, 949, 952 (La. 2003) ("[Article 2323] clearly requires that the fault of every person responsible for a plaintiff's injuries be compared regardless of the legal theory of liability asserted against each person."); *Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism*, 828 So. 2d 530, 536-37 (La. 2002).  Jefferson will only be obligated to pay that proportion of damages for which it is responsible, and Jefferson will not be obligated to pay any damages if it is found to be without fault.[23]  Therefore, under Louisiana's comparative fault system, it will not be necessary for CPI to indemnify Jefferson for any damage caused by CPI's acts.[24]

Accordingly,

---

[22] Louisiana Civil Code article 2323 provides, in pertinent part:
> A.  In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty . . . .  If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
> B.  The provisions of paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.

La. Civ. Code Ann. art. 2323.

[23] The Louisiana Legislature amended the *Louisiana Civil Code* in 1996 in order to institute a pure comparative fault system in place of solidary liability.  *Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism*, 828 So. 2d 530, 535 (La. 2002).

[24] Jefferson argues that CPI should be estopped from pursuing a motion for summary judgment because it filed a crossclaim against Jefferson.  However, the correct action is not to allow a legally insufficient crossclaim to go forward, but for Jefferson to file a motion, if appropriate, seeking dismissal of CPI's crossclaim.

     **IT IS ORDERED** that the motion for summary judgment filed by crossdefendant, COBRA Professionals, Inc.,[25] to dismiss the crossclaim of Jefferson Parish is **GRANTED**.

     **IT IS FURTHER ORDERED** that the crossclaim brought by Jefferson Parish against COBRA Professionals, Inc., is **DISMISSED WITH PREJUDICE**.

     New Orleans, Louisiana, June 16, 2008.

                          **LANCE M. AFRICK**
                **UNITED STATES DISTRICT JUDGE**

---

[25] R. Doc. No. 53.